CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 19 2020

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| ERIC V. RAJAH,<br>Plaintiff, | Civil Action No. 7:19CV00264 |
| v. | ORDER |
| CLINT DAVIS, ET AL.,<br>Defendants. | By: Hon. Glen E. Conrad<br>Senior United States District Judge |

The parties reached a settlement agreement in this civil rights action filed pursuant to 42 U.S.C. § 1983, ECF No. 88-2. By order entered October 30, 2019, the court granted a jointly stipulated motion to dismiss the case with prejudice. The pro se plaintiff, Eric V. Rajah, later moved to enforce the settlement agreement and obtain monetary damages for a breach of that agreement. After review of the record, the court concludes that the motion must be denied.

The settlement agreement the parties signed provided that in exchange for Rajah's dismissal of all his claims in this lawsuit and a state court lawsuit, prison officials would transfer him within ten days to Lawrenceville Correctional Center ("Lawrenceville") and, thereafter, he would be placed in a drug treatment program. The settlement did not include any cash award for Rajah and did not provide for Rajah to be placed in the treatment program by any particular date. On January 17, 2020, the court docketed Rajah's motion complaining that while the transfer had occurred on time, he had not yet been placed in the drug treatment center as promised. He asked the court to compel prison officials to honor the terms of the agreement and to award him monetary damages for their alleged breach of the agreement.

The court directed the defendants to respond to the motion, and they did so. The defendants submitted the affidavit of M. Breckon, warden at Lawrenceville, explaining that

Rajah's entry into the drug treatment program was delayed because there is a waiting list to start the program. Within four days after Rajah arrived at Lawrenceville, he was placed on the waiting list. To start the treatment program, an inmate must not have received a disciplinary charge for ninety days. On January 4, 2020, Rajah received a disciplinary charge. Nevertheless, Warden Breckon authorized Rajah to begin the drug treatment program, despite his disciplinary charge and the waiting list. Rajah was enrolled in the program at Lawrenceville, beginning January 25, 2020. Rajah has responded to the defendants' evidence, insisting that the delayed start to his participation in the drug program violated the settlement contract and asking for compensation.

After review of the record, the court concludes that there was no breach of the agreement. Rajah was not promised immediate participation in the drug treatment program or any monetary award. Moreover, he is now participating in that program. For these reasons, it is hereby

**ORDERED**

that Rajah's motion, ECF No. 93, is **DENIED**.

The clerk will send copies of this order to the parties.

ENTER: This 19th of February, 2020.

_____
Senior United States District Judge

2